UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUL 27 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

BANK ONE, NATIONAL ASSOCIATION, §
F/K/A THE FIRST NATIONAL BANK OF §
CHICAGO, AS TRUSTEE, §
    Plaintiff §
§
VS. §    CIVIL NO. 1:06-CV-494 SS
§
CHRISTOPHER MICHAEL §
AND ALL OTHER OCCUPANTS OF §
23606 HILLVIEW CIRCLE §
MARBLE FALLS, TX 78654 §
FKA 100 HILLVIEW CIRCLE §
MARBLE FALLS, TX 78654, §
    Defendants §

## MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE**, Plaintiff in this action, pursuant to 28 U.S.C. §1447(c), and files this *Motion to Remand Proceeding* ("Motion"), and would show the Court as follows:

### BRIEF HISTORY OF THE MATTER BEFORE THE COURT

1.    This matter arises out of an action for Forcible Entry and Detainer filed in the Justice Court of Travis County, Texas.

2.    On May 2, 2006, the Plaintiff purchased the property located at 23606 HILLVIEW CIRCLE, MARBLE FALLS, TX 78654 FKA 100 HILLVIEW CIRCLEMARBLE FALLS, TX 78654 (the "Property")in a Foreclosure Sale. A copy of the *Substitute Trustee's Deed* is attached

hereto as Exhibit "A" and is incorporated by reference herein.

3. Thereafter on May 23, 2006, the Plaintiff mailed its *Notice to Vacate* to the Property via certified mail return receipt requested and first class regular mail in compliance with Tex. Prop. Code §24.005 (2006). Plaintiff thereafter filed its Petition for Forcible Entry and Detainer on June 1, 2006.

4. On June 19, 2006, Defendant filed his *Original Answer* and jury demand.

5. On June 28, 2006, the same day that the matter was set to be heard by the Justice Court for Precinct Two (2-1), Travis County, Texas, Defendant filed his *Notice of Removal*.

## LACK OF DIVERSITY OF CITIZENSHIP

6. This action was improperly removed as the parties to the suit do not have diversity of citizenship.

7. Though Defendant Christopher Michael claims on the Civil Cover Sheet that he is a citizen of another state, Mr. Michael indicates on the Supplement to the Civil Cover Sheet that his address is 23606 Hillview Circle, Marble Falls, Texas. Moreover, Mr. Michaels listed the Property as his homestead in his bankruptcy schedules filed on August 10, 2005 under bankruptcy case number 05-14441-FRM. It thus appears that Defendant Christopher Michael, is a citizen of the State of Texas. In addition and in the alternative, Mr. Michael has sufficient minimum contacts with Texas such that the state court would have jurisdiction over him by virtue of the location of his present domicile. Plaintiff thus posits that the exercise of jurisdiction over Mr. Michael by the Texas courts will not offend traditional notions of fair play and substantial justice.

8. In addition to the foregoing, Plaintiff asserts that Mr. Michael failed to timely file a

Special Appearance before or at the same time as he filed his *Original Answer*. Mr. Michael filed his *Original Answer* on June 19, 2006, followed by his *Notice of Removal* on June 28, 2006. The defendant therefore waived his objection to personal jurisdiction by making a general appearance in the state court. *Von Briesen, Purtell & Roper v. French*, 78 S.W.3d 570, 575 (Tex. App. - Amarillo 2002, pet. dism'd).

9. Plaintiff Bank One, National Association, f/k/a the First National Bank of Chicago, as Trustee is incorporated in the State of Delaware, with corporate offices in the State of Texas, but its principal place of business is in Chicago, Illinois.

## AMOUNT IN CONTROVERSY DOES NOT MEET THRESHOLD

10. This action was improperly removed as the amount in controversy does not meet the minimum threshold requirement under 28 U.S.C. §1332, to wit: the amount in controversy does not exceed the sum or value of $75,000 exclusive of interest and costs.

11. Mr. Michael has the burden of establishing jurisdiction. *Gaitor v. Peninsular & Occidental Steamship Company*, 287 F.2d 252, 253-254 (5th Cir. 1961). His burden is met if the Plaintiff's petition alleges a good faith claim in excess of $75,000. *St. Paul Mercury Idnemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586 (1938). However, if the Plaintiff does not pray for a specific amount, the amount must appear from the pleadings or from the notice of removal. *Gaitor*, at 254-255.

12. The Forcible Entry and Detainer Petition filed by Plaintiff in state court seeks actual possession of the property. The Forcible Entry and Detainer Petition is based solely on the issue of the Plaintiff's right to actual possession. Tex. R. Civ. P. §746 (2006). Consequently, there is no

amount of money for which Plaintiff is suing in the Forcible Entry and Detainer. Nevertheless, the measure of the amount in controversy in a forcible entry and detainer suit is the amount for the judgment for costs, whether the plaintiff or the defendant should be the gaining party. *Charles Holmes v. Daniel Holloway*, 21 Tex. 658 (1858). Plaintiffs' costs for the Forcible Entry and Detainer suit is the filing fee of $77. Clearly, the costs of this action do not exceed the sum or value of $75,000 and Defendant has failed to meet the minimum threshold amount in controversay sufficient to invoke the jurisdiction of this Court.

**13.** Defendant asserts in his *Notice of Removal* that the amount in controversy exceeds $75,000 based upon the appraisal of the Property. However, title to the Property reverted to Plaintiff through the foreclosure process. The Forcible Entry and Detainer suit does not involve matters affecting title to the property, and instead only encompasses the issue of who is entitled to possession of the property.

**14.** Plaintiff asserts that possession of the Property, in and of itself, is different than the value of title to the Property. Though Mr. Michaels has attempted to raise several issues regarding foreclosure of the Property, the Forcible Entry and Detainer suit is not the proper venue within which to raise matters affecting title.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Bank One, National Association, f/k/a the First National Bank of Chicago, as Trustee prays that this Court grant the *Motion to Remand Proceeding*, that said matter be remanded back to the Justice Court Precinct Two (2-1), Travis County, Texas, and that the Court grant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

MANN & STEVENS, P.C.

By: _____
    Diana Estala Stevens
    Texas Bar Number 19180800
    David Aaron DeSoto
    Texas Bar Number 00790585
    550 Westcott Street, Suite 560
    Houston, Texas 77007
    (713) 293-3600 Telephone
    (713) 293-3636 Facsimile
    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Remand* has been served upon the following parties by United States First Class Mail, postage pre-paid, on July 26th, 2006.

_____
Dianna Estala Stevens / David Aaron DeSoto

**Defendant**
Mr. Christopher Michael
23606 Hillview Circle
Marble Falls, Texas 78654

# SUBSTITUTE TRUSTEE'S DEED

THE STATE OF TEXAS:

KNOW ALL MEN BY THESE PRESENTS

COUNTY OF TRAVIS:

THAT on **AUGUST 31, 1998**, **CHRISTOPHER A. MICHAEL, AN UNMARRIED MAN** executed a certain Deed of Trust, which is of record **IN VOLUME 13383, PAGE 2791** of the Deed of Trust Records of **TRAVIS** County, Texas, conveying to **BOB FRAPPIER** as Trustee(s), the hereinafter described property, to secure the payment of that one Note in the original sum of **$40,550.00**, of even date with said Deed of Trust executed by **CHRISTOPHER A. MICHAEL, AN UNMARRIED MAN** and payable to the order of **HOMECOMINGS FINANCIAL NETWORK, INC.** and more fully described in said Deed of Trust and to which reference is hereby made; and .

WHEREAS, said Deed of Trust provides that if default be made in the payment of the principal or interest of said Note, or any part thereof, as the same shall become due and payable, the holder thereof may mature the entire indebtedness evidenced by the same, and, at the request of the holder of said indebtedness, it shall be the duty of the Trustee or his successor to proceed and sell said property for the satisfaction of said debt, after giving notice in the manner and for the length of time as provided in said Deed of Trust and as required by the applicable laws of the State of Texas; and

WHEREAS, default having been made in the payment of said indebtedness, and the holder of said indebtedness having declared same due, I, **JUANITA STRICKLAND** ~~OR KENNETH STRICKLAND~~, grantor and duly appointed Substitute Trustee under the provisions of said Deed of Trust, having been requested by the holder of said indebtedness to proceed and enforce said trust, did on **MAY 2, 2006** (that being the first Tuesday in said month), offer the property for sale at the Courthouse of **TRAVIS** County, Texas, in the area designated by the Commissioners Court of such county, if an area has been designated by the Court, during the hours designated on the Notice of Non-judicial Foreclosure Sale, same being between **12:00 P.M. AND 3:00 P.M.**, at public auction, to the highest bidder, for cash; and

WHEREAS, the undersigned did give notice of the time, place and terms of said sale for at least twenty-one (21) days before the date of said sale by filing a true and correct copy of the Notice of Non-judicial Foreclosure Sale with the Clerk of **TRAVIS** County, Texas. Mann & Stevens, P.C. served notice of the proposed sale by certified mail on each debtor obligated to pay such indebtedness according to the records of such holder by the deposit of a copy of the Notice of Non-judicial Foreclosure Sale enclosed in a postpaid wrapper properly addressed to each debtor at debtor's most recent address as shown by the records of the holder of such indebtedness in a post office of official depository under the care and custody of the United States Postal Service, and by filing and posting notice thereof as provided by applicable law and the Deed of Trust in the County of **TRAVIS**, Texas; and

WHEREAS, at such sale said property was struck off by me and sold to **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE**, whose mailing address is **C/O HOMECOMINGS FINANCIAL NETWORK 9275 SKY PARK COURT, SUITE 200, SAN DIEGO, CA, 92123**, grantee, for the sum of **$50,427.83**, that being the highest and best bid obtained for same.

NOW, THEREFORE, the undersigned, **JUANITA STRICKLAND** ~~OR KENNETH STRICKLAND~~ as Substitute Trustee, for and in consideration of the sum of **$50,427.83**, cash to me in hand paid by **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE**, the receipt of which is hereby acknowledged and confessed, do hereby GRANT, BARGAIN, SELL and CONVEY unto the said **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE**, the following described property lying and being situated in **TRAVIS** County, Texas, to-wit:

**Notice of Confidentiality Rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: Your social security number or your driver's license number.**

# EXHIBIT "A"

M&S NO: 132019

LOT FORTY-FIVE (45) AND LOT FORTY-SIX (46), IN BLOCK "A" OF TRAVIS OAKS, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 17, PAGE 8 OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

TO HAVE AND TO HOLD the hereinabove described property and premises unto the said **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE** and I, the undersigned, as Substitute Trustee, do hereby bind and obligate the said **CHRISTOPHER A. MICHAEL, AN UNMARRIED MAN** to WARRANT and FOREVER DEFEND the title to said property and premises unto the said **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE** against every person whomsoever lawfully claiming or to claim the same or any part thereof, insofar as I am authorized to do under said Deed of Trust.

IN WITNESS HEREOF, this instrument has been executed on **MAY 2, 2006**.

*(signed) Juanita Strickland*
JUANITA STRICKLAND ~~OR KENNETH STRICKLAND~~
Substitute Trustee

THE STATE OF **TEXAS**:

COUNTY OF **WILLIAMSON**:

BEFORE ME, the undersigned authority, on this day personally appeared **JUANITA STRICKLAND** ~~**OR KENNETH STRICKLAND**~~, known to me to be the person whose name is subscribed to the annexed Substitute Trustee's Deed, and acknowledged to me that said instrument was executed for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON **MAY 2, 2006**.

My Commission Expires: _____

*(signed) Liz Alvarado*
Printed Name: _____
Notary Public in and for the State of Texas

LIZ ALVARADO
MY COMMISSION EXPIRES
June 8, 2009

Return To:
Mann & Stevens, P. C.
550 Westcott, Suite 560
Houston, Tx 77007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE<br>    Plaintiff,<br><br>VS.<br><br>CHRISTOPHER MICHAEL AND ALL OTHER OCCUPANTS OF 23606 HILLVIEW CIRCLE MARBLE FALLS, TX 78654 FKA 100 HILLVIEW CIRCLE MARBLE FALLS, TX 78654<br>    Defendants | § § § § § § § § § § § § § § §<br><br>CIVIL NO. 1:06-CV-494 SS |

## ORDER REMANDING CASE TO JUSTICE COURT PRECINCT TWO (2-1), TRAVIS COUNTY, TEXAS

On this day, the Court considered the *Motion to Remand*, filed by Plaintiff **BANK ONE, NATIONAL ASSOCIATION, F/K/A THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE**. The Court, having reviewed the *Motion to Remand*, and there being no response filed to said Motion, has determined that the Motion should be, and the same hereby is, GRANTED.

IT IS, THEREFORE, ORDERED that this cause shall be remanded back to the Justice Court for Precinct Two (2-1), Travis County, Texas.

SIGNED: _____,2006.

 

HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\davidd\My Documents\DeSoto\MOTION TO REMAND 7.25.06.wpd

APPROVED:
MANN & STEVENS, P.C.

_____
Diana Estala Stevens
Texas Bar Number 19180800
David Aaron DeSoto
Texas Bar Number 00790585
550 Westcott Street, Suite 560
Houston, Texas 77007
(713) 293-3600 Telephone
(713) 293-3636 Facsimile
ATTORNEYS FOR PLAINTIFF